[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2006
THOMAS K. KAHN
CLERK

No. 06-11055
Non-Argument Calendar

_____

D. C. Docket No. 05-00068-CV-BH-B

TAMMY M. STEVENS,
DENISE I. LITTLETON,
Chapter 7 Bankruptcy Trustee,

Plaintiffs-Appellants,

versus

SIMPLEXGRINNELL, LLP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 11, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Denise Littleton, as trustee for the bankruptcy estate of Tammy Stevens, appeals the summary judgment in favor of SimplexGrinnell, LLP, and the striking of an affidavit of Stevens. Littleton argues that the district court erroneously concluded that Stevens, formerly an employee with SimplexGrinnell, was exempt from the overtime provisions of the Fair Labor Standards Act as an "outside salesman," 29 U.S.C. §§ 207, 213(a), and erroneously struck Stevens's affidavit because it contradicted her previous deposition testimony. We affirm.

## I. BACKGROUND

SimplexGrinnell is engaged in the business of selling, installing, servicing, and inspecting sprinkler systems and other fire-related products in commercial buildings. From February 23, 2004, to November 30, 2004, Stevens was employed by SimplexGrinnell as a Preventative Maintenance Agreement Sales Representative. Stevens was responsible for selling PMAs, which are agreements with SimplexGrinnell customers regarding the maintenance of indoor sprinkler systems. Stevens provided service to existing PMA customers. Stevens also sold to existing customers equipment or service upgrades or renewals. Stevens received an annual salary of $30,000 plus a commission of 8 percent of the dollar amount of PMAs that Stevens sold, upgraded, or renewed.

In her deposition testimony, Stevens identified four customers to whom she

2

provided service while she was employed at SimplexGrinnell. Each of these customers received sales proposals by Stevens, and most of these proposals resulted in sales. Stevens also stated that she sold "quite a few upgrades" while providing service to existing PMA customers. Stevens did not record the days she worked or the hours she devoted to customer service.

During her employment at SimplexGrinnell, Stevens wrote a Business Plan for 2005. Stevens wrote that providing service to existing customers was a necessary responsibility of her sales job. Stevens also wrote that her goal was to "[a]chieve 200% of [sales] quota" and "[m]aximize my days in the field to exceed my customers' expectations to sell successfully." Stevens resigned from SimplexGrinnell in December 2004.

Stevens filed a complaint that alleged, among other things, that she was entitled to overtime pay under the Fair Labor Standards Act. After discovery, SimplexGrinnell moved for summary judgment. SimplexGrinnell argued that Stevens was an "outside salesman" who was exempt from the Fair Labor Standards Act.

In response to the motion for summary judgment, Stevens submitted an affidavit that estimated that she "spent between fifty and sixty percent of [her] time performing customer service duties which were unrelated to [her] sales activities."

In the affidavit, Stevens stated that "servicing these existing accounts provided no opportunity for additional commissions when the service contracts were renewed because Simplex Grinnell paid no commissions on renewed contracts." Stevens also stated that she "provided customer service to several hundred customers that I never made any sales to [sic]." Stevens estimated that she only made five upgrade sales during her customer service calls. SimplexGrinnell moved to strike the affidavit because it contained inadmissible evidence and contradicted Stevens's deposition testimony.

The district court granted both the motion to strike and the motion for summary judgment. First, the district court struck the affidavit because it failed to set forth "specific facts to support [Stevens's] overtime claim, [and] instead proffer[ed] improper speculation and hearsay." Second, the district court granted the motion for summary judgment. The district court concluded that Stevens was not entitled to overtime pay because she was exempt from the Fair Labor Standards Act as an "outside salesman." The district found that although Stevens performed customer service, Stevens "took the opportunity on those occasion[s] to develop and propose her own sales contract to the customer." The district court stated, "There is simply no evidence that Stevens was ever precluded from promoting her own sales . . . or that she was ever required to devote more than twenty percent of

4

her time on duties unrelated to her sales duties." After summary judgment was entered, Littleton was substituted for Stevens as plaintiff.

## II. STANDARD OF REVIEW

We review the decision by a district court to strike an affidavit for abuse of discretion. Young v. City of Palm Bay, 358 F.3d 859, 863 (11th Cir. 2004). We review a grant of summary judgment by the district court de novo and apply the same legal standards as the district court. State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1229 (11th Cir. 2004) (citing Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1283 (11th Cir. 2003)).

## III. DISCUSSION

Littleton makes two arguments. First, Littleton argues that the district court abused its discretion when it struck Stevens's affidavit because the affidavit provided specific facts to support Stevens's arguments for overtime pay. Second, Littleton contends that the district court erroneously granted summary judgment to SimplexGrinnell because a genuine issue of material facts exists regarding whether Stevens is an "outside salesman." Both arguments fail.

*A. The District Court Did Not Abuse Its Discretion When It Struck the Affidavit.*

Littleton argues that the district court abused its discretion by striking the affidavit of Stevens because it established that Stevens devoted more than 20

percent of her hours to duties that were unrelated to sales. "[A] district court may find an affidavit which contradicts testimony on deposition a sham when the party merely contradicts its prior testimony without giving any valid explanation." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 656 (11th Cir. 1984). "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Id. at 657.

Stevens's affidavit directly contradicts substantial portions of her deposition testimony. The affidavit stated that Stevens had "no opportunity for additional commissions" when she provided service to existing customers, but in her deposition, Stevens testified that she made sales during her service calls and earned commissions on those sales under the terms of her employment contract. The affidavit stated that Stevens made only five upgrade sales when she provided customer service, but Stevens testified in her deposition that she "did quite a few upgrades." The affidavit baldly asserted that Stevens "spent between fifty and sixty percent of [her] time performing customer service duties which were unrelated to [her] sales activities," but Stevens testified in her deposition that she did not keep records of the number of days or hours she devoted to service.

6

Stevens provided no explanation for these inconsistencies.  The district court did not abuse its discretion when it struck the affidavit.  Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985).

   *B. The District Court Correctly Granted Summary Judgment to SimplexGrinnell.*

The Fair Labor Standards Act provides that all employees are entitled to receive overtime compensation in the amount of one and one-half times their regular rate of pay for hours worked in excess of forty hours.  29 U.S.C. § 207.  The Act exempts "outside salesmen" from this provision.  Id. § 213(a).  "Outside salesmen" are those who are "employed for the purpose of . . . making sales . . . [,] obtaining orders or contracts for services" and do not devote more than 20 percent of the hours worked to duties unrelated to sales.  29 C.F.R. § 541.500 (2004).  "[W]ork performed incidental to and in conjunction with the employee's own outside sales or solicitations . . . shall not be regarded as nonexempt work."  Id.  The employer has the burden to establish that the employee is an outside salesman.  Corning Glass Works v. Brennan, 417 U.S. 188, 196–97, 94 S. Ct. 2223, 2229 (1974).

Littleton contends that the district court erred when it granted summary judgment to SimplexGrinnell.  Littleton argues that a genuine issue of material fact exists regarding whether Stevens was an outside salesperson when she was

7

employed at SimplexGrinnell. Because Stevens failed to proffer admissible evidence that more than 20 percent of her hours were unrelated to outside sales, the district court did not err when it granted summary judgment to SimplexGrinnell.

The record establishes that Stevens worked as an outside salesperson who was exempt from the overtime provisions of Fair Standards Labor Act. By the terms of her contract, Stevens was hired as a PMA Sales Representative, which is an "exempt position." According to her deposition, Stevens's salary and job performance depended on her ability to make sales. In the business plans that she submitted to SimplexGrinnell, Stevens described her goals as "[m]aximiz[ing]" sales and "[a]chiev[ing] 200%" of the sales quota imposed by Simplex Grinnell. Although she also provided service to existing customers, this duty was "incidental to and in conjunction with the employee's own outside sales" because the service that Stevens provided to these customers furthered her ability to make sales that increased her commission. 29 C.F.R. § 541.400. Stevens's sales records confirmed that she made sales proposals to all the service customers she identified in her deposition.

## IV. CONCLUSION

The summary judgment in favor of SimplexGrinnell is

**AFFIRMED.**